NETTIE OCHILTREE V. CHICAGO & NORTHWESTERN RAILWAY CO.,
                                      Appellant.

NEGLIGENCE.  It is held that the court should not have allowed jury
    to find that an engineer was negligent for simply whistling "off
    brakes."  Ochiltree v. R'y, 93 Iowa, 628, *followed*.

*Appeal from Audubon District Court.*—HON. N. W. MACY, Judge.

THURSDAY, JANUARY 31, 1895.

Action to recover damages for personal injuries. **Verdict and**
judgment for plaintiff.  Defendant appeals.—*Reversed.*

*Hubbard & Dawley* for appellant.

*Nash, Phelps & Green* and *H. U. Funk* for appellee.

Kinne, J.—I.  The negligence charged in this case is in carelessly
and negligently blowing the whistle of the engine three or four
sharp blasts, thereby wantonly causing the team plaintiff was driv-
ing to take fright and become unmanageable, throwing plaintiff
from the buggy and inflicting upon her painful and permanent
injuries.  The answer is a general denial.  The case arises out of
the same facts as that of C. M. Ochiltree against this defendant, 93
Iowa, 628, which was an action by the husband to recover for loss
of the wife's services; the present action being brought by the wife
for damages sustained by her.  A careful examination of the record
in both cases shows that the evidence in both is substantially the
same, except that in the present case the testimony on part of the
plaintiff tends more strongly to show that there were from three to
five blasts of the whistle blown immediately preceding the accident.
The questions raised by this appeal and which demand our attention
arise upon the action of the court in giving and refusing instructions.
    The two cases, it will be observed were tried before different
judges, and in this case a verdict was returned for the plaintiff.
    II.  The instructions in this case are voluminous and it is not
practicable to set them out in full.  Appellant contends that the
court erred in giving the seventh, eighth, ninth, tenth, and eleventh
instructions in permitting the jury to find that the engineer was
negligent even if they found that the only whistling done at the
crossing was to give the usual signal for "off brakes," because there
was nothing in the behavior of the plaintiff or her team to indicate
that danger might result or the team be frightened by the giving of
such signals.  We think the complaint is well founded.  All of the
evidence showed that up to the time of the accident the team was

fully under the control of plaintiff, that the horses were gentle, that there was nothing in their conduct to lead the engineer, as a reasonably prudent man to believe that the blowing of the whistle would frighten them.

The doctrine announced in the first, fourth, fifth, seventh, and fourteenth instructions asked was correct and in accord with the rule laid down in the opinion in the other case heretofore referred to. We need not here give reasons for our holding, as this same question is fully considered in the opinion in the case of the husband decided at this term to which reference is made. It is true that the court in this case did in some of his instructions lay down the correct rule, but in every such instance he preceded or followed it with language which it seems to us was inconsistent with the rule thus announced. In other words the effect of the correct rule as given was destroyed by the several qualifications attached to it. In as much as our views are so fully expressed in the case referred to, and the evidence so far as it relates to this matter is the same in both cases, we need not give this case further consideration. For the reasons given the judgment below is *reversed*.