96  246
s99 374

## C. M. OCHELTREE, Appellant, v. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

**Negligence:** RAILROAD. In an action for injuries received by plaintiff's wife while driving in a buggy on a highway running near defendant's tracks, through the negligent sounding of the whistle on defendant's engine, whereby the horses became frightened, there was evidence that the engineer had sounded four blasts on the whistle when about forty or fifty rods from the team, and eighty rods from a crossing ahead, toward which the team was making, and gave one blast for brakes when about five hundred feet from the team, and that the team was not excited thereby; that the team instead of making the crossing, turned into a field, near the track; that, when they were one hundred and twenty feet from the tracks, the engineer again sounded the whistle for a release of the brakes; and that, immediately thereafter, the team became unmanageable. *Held*, that the last sounding of the whistle, in view of the fact that former whistles had not frightened the team, was not negligence, unless, in the exercise of reasonable prudence, the engineer should have known that the sounding of the whistle at that time would have frightened them.

### SATURDAY, OCTOBER 26, 1895.

*Per Curiam.* A petition for a rehearing, and an amendment thereto, have been filed in this case, assailing the opinion, and particularly so much of it as relates to the charge to the jury. It seems to be the thought of the plaintiff that this court has announced the rule that a railway employe in charge of a locomotive is not negligent in blowing the whistle at a railway crossing, when a team of horses is near it, unless he should know, from the conduct of the team at the time, before the whistle is blown, that injury would be likely to result. If such a rule had been approved by this court, there would have been more ground than there is for some of the objections made, but it has not. What we said was that the instructions, taken as a whole, were quite as favorable to the

plaintiff as they should have been, and the general
doctrine of the instructions was approved, not as inde-
pendent statements of law, but as applied to the facts
in this case. This is especially true of that part of the
charge most strenuously objected to. That states that
the act of the engineer, in sounding the whistle to
notify the other trainmen to release the brakes, was
not negligent, if the evidence showed certain specific
facts, "unless it appears from the evidence that, in the
exercise of reasonable prudence and judgment, he
should have known, from the conduct of the. team at
the time, and his proximity to them, that the sounding
of the whistle at that time would probably have the
effect to frighten them, and render them unman-
ageable in the hands of the plaintiff's wife. It was
his duty, and the right of the defendant company to
have him proceed with the train with all reasonable
diligence. * * *" In the same paragraph of the
charge is the following: "Whether the engineer in
charge of defendant's engine blew the whistle, and, if
so, the purpose for which it was blown, and whether
his act in so doing was negligent, are questions of fact,
to be decided by you from all the testimony in the
case; but unless such negligence is shown by the evi-
dence the plaintiff cannot recover." By this and other
portions of the charge the attention of the jury was
directed to all the evidence in the case. That showed
that four blasts of the whistle were given for the
crossing eighty rods from it, and forty or fifty rods
from the team; that one blast was given for brakes six
hundred or seven hundred feet from the crossing, and
about four hundred or five hundred feet from the
team; that when the last blasts were blown the team
had been driven into the field at least one hundred
and twenty feet from the railway track; that the
horses were not excited, and did not appear to notice
the whistle; that they seemed to be fully under the

control of the driver. As they had not been alarmed by the whistling nor by the running of the train, there was no presumption to be drawn, from the ordinary effect of railway whistles on horses, that the team in question would be frightened by other blasts, and the court did not err in instructing the jury that the engineer was not negligent, under the conditions stated in the charge, unless it appeared "that, in the exercise of reasonable prudence and judgment he should have known, from the conduct of the team at the time, and his proximity to them, that the sounding of the whistle at that time would probably have the effect to frighten them, and render them unmanageable in the hands of the plaintiff's wife." "The conduct of the team at the time," to which the charge referred, was its conduct from the first blowing of the whistle to the moment the first of the last blasts was given. Had the last ones only been given, a different case would have been presented, and a different rule would have applied. But the team had been tested to some extent by what had occurred before the whistle was blown at the crossing, and it was proper for the jury to determine whether the engineer should have known, from the conduct of the team and the proximity of the engine to it, that the sounding of the whistle would probably frighten it and make it unmanageable. If the engineer was justified, as a reasonably prudent man, in concluding, from the conduct of the team, that it would not be frightened by the giving of signals which were required for the proper management of the train, he was not negligent in giving them. We think the opinion as filed is correct, and the petition for a rehearing is *overruled.*