| 99 | 373 |
|-----|-----|
| 107 | 294 |

Nettie Ochiltree v. The Chicago & Northwestern Railway Company, Appellant.

On Re-hearing.

Negligence: RAILROADS: *Court and jury.* In an action for an injury received while driving in a buggy on a highway running near defendant's tracks, through the negligent sounding of engine whistle whereby the horses became frightened, there was evidence that the engineer had sounded four blasts of the whistle, when about fifty rods from the team, and eighty rods from a crossing ahead, toward which the team was making, and gave one blast for brakes when about five hundred feet from the team, and that the team *was not excited thereby;* that the team, instead of making the crossing, turned into a field near the track; that when they were one hundred and twenty feet from the track, the engineer again sounded the whistle for a release of brakes, and that, immediately thereafter, the team became unmanageable. The court charged that the said signal to release brakes was not negligence, and then added, "unless the facts and circumstances were such as to render the giving thereof, negligence." *Held,* this qualification should not have been added.

*Appeal from Audubon District Court.*—Hon. N. W. Macy, Judge.

Tuesday, October 20, 1896.

Action for personal injuries. Judgment for the plaintiff, and the defendant appealed.—*Reversed.*

*Hubbard & Dawley* for appellant.

*H. U. Funk* and *Harl & McCabe* for appellee.

Granger, J.—This case is before us on re-hearing. This and the case of C. M. Ochiltree versus the same defendant, are based on the same state of facts, the

plaintiff in this case being the wife of C. M. Ochiltree, she being injured while driving a team along defendant's line of road; the action by the husband being for the loss of his wife's services, and this case is by the wife, for her personal injuries. The main facts, aided by a diagram, will be found in the opinion of the other case; 93 Iowa, 628 (62 N. W. Rep. 7). In the other case, in the district court, there was a verdict and judgment for the defendant, which we affirmed. In this case, as we have said, the judgment, on a verdict, was for the plaintiff, which, on the former hearing, 94 Iowa, 732 (62 N. W. Rep. 11), we reversed, because of erroneous instructions. Since our former holding in this case, we have again considered the rules announced in the other case, on a petition for a re-hearing, and, in a supplemental opinion, 96 Iowa, 246 (64 N. W. Rep. 788), have adhered to them; and hence, so far as they are applicable, such rules are conclusive in this case. It may be well to state some of the facts in this connection, a better understanding of which can be had by a reference to the diagram. It will be remembered, that on the morning of the accident, the plaintiff, with another lady, and some children, were riding along a public highway, parallel to defendant's road, and going south. At this time, defendant's train came from the north, and, being heard by the plaintiff, who was driving, she whipped up her horses, with a view to reach a gate, and turn into the field. It will be seen, that this gate is at a turn in the highway, where it crosses defendant's road. It appears that the engineer, seeing the team going at a good gait, and supposing that it was trying to make the crossing in advance of the train, sounded the whistle for brakes, to have them set, which was done. When plaintiff reached the gate, she turned into the field, and drove a short distance west, and then turned north, when the horses became unmanageable, and the plaintiff

and others were thrown from the carriage, and the plaintiff was injured. After the plaintiff had turned into the field, the engineer gave the signal for "Off brakes," and it is because of these short, sharp blasts from the whistle, that the team was frightened, and caused the injury. This case, as well as the other, was made to turn on the fact of whether there was negligence in giving the signal for "Off brakes!" In the other case, it is definitely settled, that it was not negligence, as a matter of law, for an engineer, in the operation of a train, to whistle for "Off brakes!" when a team is known to be on the public highway, and within hearing of the whistle. This was the rule adopted by the district court in both cases, and approved on appeal.

In our former consideration of this case we said: "Appellant contends that the court erred in giving the 7th, 8th, 9th, 10th, and 11th instructions, in permitting the jury to find that the engineer was negligent, even if they found that the only whistling done at the crossing was to give the usual signal for 'Off brakes!' because there was nothing in the behavior of the plaintiff or her team to indicate that danger might result or her team be frightened by the giving of the signals. We think the complaint is well founded." In the former consideration we also said that the court, in some of the instructions, stated the correct rule, but that its effect was destroyed by the qualifications attached to it. Wherein the effect of the court rule was destroyed by the qualification we did not consider, but simply referred to the other case because of its similarity. On the application for a re-hearing, we thought, perhaps, the point should be more carefully and definitely considered. It is not essential that we set out all the instructions referred to. Two of them will be sufficient, as it is the same criticism as to all, and we have italicized the parts spoken of as

qualifications. The two instructions are as follows: "If you find from the evidence that, just prior to the time when the plaintiff quit the highway and turned into the adjoining field, the engineer on the defendant's train gave the usual and ordinary signal for 'Down brakes!' with a view to avoid an apprehended collision with plaintiff at the crossing below; and you further find that, in answer to such signal, the other employes on defendant's train applied the brakes; and you further find that, immediately after the said signal for 'Down brakes!' was given, the plaintiff left the highway, and turned into the adjoining field, and was passing away from the defendant's train,—then it was the right of the defendant to give the usual and ordinary signal for 'Off brakes!' and resume the ordinary speed and control over the train in passing that point, *unless, under the circumstances, to give such a signal for 'Off brakes' was not the exercise of proper and ordinary care and diligence in running the train with due regard for the safety of the plaintiff.*" "(9) If you find that, just prior to the whistling of which complaint is made, the defendant's engineer had signaled for 'Down brakes!' in order to save plaintiff from apprehended danger, and that in answer thereto the other employes of defendant had set certain brakes, then, as soon as such danger had been reasonably removed, it was proper for the engineer at once to signal for 'Off brakes!' and to asume the ordinary speed of the train, unless at the time, in the exercise of ordinary care and prudence, he had reason to anticipate that giving of such signal would frighten plaintiff's horses, and expose her to danger and injury. The uncontroverted evidence of the case shows that, prior to the giving of the whistling complained of, the plaintiff's horses had given no indication of being or becoming frightened, and that the plaintiff had them under proper control; and you will determine the question of defendant's negligence

in the light of such evidence and all other facts and circumstances *disclosed by the testimony*. If the signal was the usual and ordinary signal for 'Off brakes!' and was given to remove brakes previously set, then the signal itself and the giving thereof would not constitute negligence, *unless the facts and circumstances of the occasion were such as to render the giving thereof negligence, because of the exposure of the plaintiff to danger and injury resulting therefrom.*"

This case is now argued upon somewhat different lines than in the petition for a re-hearing, because, probably, of some propositions settled in the supplemental opinion in the other case, filed after the petition for a re-hearing, which petition was made to apply in both cases. In the instruction numbered 9, it is said: "The uncontroverted evidence in the case shows that, prior to the giving of the whistling complained of, the plaintiff's horses had given no indication of being or becoming frightened; that the plaintiff had them under proper control." In the other instruction quoted, the court said to the jury that if it had found certain facts, about which there is no dispute, the engineer had the right to give the signal for "Off brakes!" unless, etc., adding the qualification of which complaint is made. The complaint as to the qualification is that there are no facts and circumstances that can properly take the case out of the rule without the qualification, or, in other words, upon which to base the qualification. Let us now look to the rule of the other case (that of the husband), and note a rule of it as follows: "We cannot accede to the doctrine that it is negligence, as a matter of law, for an engineer of a train to whistle 'Off brakes!' when he knows that a team is from 150 to 200 feet from him on a public highway. That it might be so under certain circumstances, may be conceded, but it would not be so in the absence of any fact which might tend

to show that there would be danger of frightening the team by so doing." Having in view the facts stated by the court as to the condition and control of the team when the signal was given, which, under the rule given, authorized the signal, what were the facts and circumstances for the jury to consider to find negligence? Every fact or circumstance that could come to the notice of the engineer had preceded the moment when the court said the team had given no indication of fright, and was under control. It was a team one hundred and fifty to two hundred feet from the train, quiet and under control, without a fact to indicate danger. Under the sound of the train and the previous whistles, the team had gone to its position without fright, affording strong reasons for the engineer to think it not afraid of the train or signals. The law says that under less conclusive conditions, as the mere presence of the team at that distance, without what had previously happened in this case, it is not negligence, as a matter of law, to give the necessary signals for the operation of trains. There is some conflict as to the number of blasts given, plaintiff's evidence tending to show from three to five, and that of defendant two, the prescribed number for "Off brakes!" It is not to be doubted that the signal given was for "Off brakes!" and was obeyed, for without it the train would have stopped. In argument, our attention is called to such facts as that the engineer saw the team with ladies and children, saw plaintiff whip up the team and turn into the field, and some other facts, all of which, as we have said, preceded the time when the team was quiet, and the conditions such that, as a matter of law, the engineer had the right to give the signals.

It is thought that the rule of the opinion is "repudiated" by the language of the supplemental opinion, but it is not so. The supplemental opinion deals with

an erroneous claim as to the original opinion, wherein it was thought that it held that no other fact need be considered by the engineer than the conduct of the team, to indicate danger. The supplemental opinion disclaims for the opinion such a meaning, and no more. If the engineer had the knowledge, it makes no differ-, ence from whence it comes. If the danger is apparent, he is put to the rule of reasonable diligence. The controlling fact in this case is, that in no way was the danger indicated so as to permit the jury to say it was negligence to give the signal. With the undisputed evidence, as stated by the court, as to the condition of the team when the signal was given, we think it was error for the court to so qualify the instructions as to permit a finding of negligence on other facts; and we adhere to the former conclusion, and the judgment is REVERSED.